UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jonathan Kujak,                                  Civil No.:   14cv768 (JNE/SER)

          Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

Don Swanson,

          Defendant.

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"). (Docket No. 2.) Plaintiff is seeks IFP status pursuant to 28 U.S.C. § 1915, to avoid paying the filing fee and other associated costs. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: **the complaint must allege facts**, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). The facts supporting a plaintiff's claims must be clearly

alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the substantive allegations set forth in Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Unauthorized use of copyrights and trademarks
> Unauthorized distribution of copyrights and trademarks
> Unauthorized reproduction of copyrights and trademarks."

(Complaint, p. 4, § 7.)

Based solely on these brief obscure assertions, Plaintiff is seeking a judgment that would provide relief described as follows:

> "Court ordered injunctions $8,100$^{00/100}$ Eightyone [sic] hundred dollars and no cents"

(*Id.*, p. 4, "REQUEST FOR RELIEF.")

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's complaint does not meet this standard. The complaint does not describe any specific acts or omissions by the named Defendant that could entitle Plaintiff to any relief under any legal theory. Indeed, the complaint does not describe any specific historical events at all. Even with the liberal construction accorded in *pro se* pleadings, (*Atkinson*, 91 F.3d at 1129, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*)), Plaintiff's current complaint clearly fails to state any actionable claim for relief.

Because Plaintiff's complaint fails to state a cause of action on which relief can be granted,

his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, the Court notes that Plaintiff has filed several previous lawsuits in this District that have been summarily dismissed. In one of the last such cases, *Kujak v. HTTP:/WWW.MNCIS.COM*, Civil No. 13-786 (JNE/JJK), Magistrate Judge Jeffrey J. Keyes cautioned Plaintiff that if he filed another plainly inadequate complaint, his ability to file more actions might be restricted. Plaintiff has now flouted that cautionary observation by filing yet another obviously defective pleading. This Court believes that it is now time to restrict Plaintiff's ability to file further actions in this District.

*Pro se* litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive lawsuits. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Tyler*, 839 F.2d at 1292. Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." *Id*. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. at 1292, 1293.

Given Plaintiff's record of filing baseless lawsuits, it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions. Therefore, the Court recommends that the presiding District Court Judge in this case should enter an order restrcting

3

Plaintiff's ability to file further actions in this District. This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:   April 21, 2014                             *s/Steven E Rau*
                                                    Steven E. Rau
                                                    U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 12, 2014** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.